# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE ERSKINE,<br><br>Plaintiff,<br><br>v.<br><br>RANDALL FRAGER, EASTLAB, LLC,<br><br>Defendant. | Case No.: 3:24-cv-01215-RBM-BLM<br><br>**ORDER DISMISSING THIS ACTION FOR FAILURE TO PROSECUTE** |

On November 15, 2024, this Court issued an Order to Show Cause ("OSC") ordering Plaintiff Mike Erskine ("Plaintiff") to explain by December 2, 2024 "why this matter should not be dismissed for failure to prosecute." (Doc. 3 at 1.) Plaintiff had not filed a proof of service demonstrating Defendant Randall Frager, the CEO of Eastlab, LLC, ("Defendant") was properly or timely served. In its OSC, the Court cautioned Plaintiff "that failure to timely respond to this [OSC] will result in dismissal of this case." (*Id*. at 2.) As of the date of this Order, Plaintiff has not responded to the OSC and has not filed a proof of service or otherwise demonstrated that Defendant was properly served.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order

that service be made within a specified time." Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Further, Federal Rule of Civil Procedure 41(b) grants district courts the inherent authority to dismiss actions *sua sponte* for failure to prosecute or to comply with court orders.  In "[a]ctions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the Court for want of prosecution . . ." S.D. Cal. Civ. R. 41.1(a).  "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

In considering whether to dismiss an action for failure to prosecute or comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## II.   DISCUSSION

Although this matter has been pending for over six months, Plaintiff has not filed a proof of service or any other document demonstrating that he has properly effected service on Defendant under Federal Rule of Civil Procedure 4(m).  Not only has Plaintiff failed to timely serve Defendant in compliance with Rule 4(m), he also failed to demonstrate good cause for his failure to prosecute.  Accordingly, the factors outlined in *Ferdick v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) weigh in favor of dismissal of this case.

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Plaintiff initiated this action in July 2024. (*See* Doc. 1.)  Absent the Court's issuance of

the OSC, no action has been taken in this case since Plaintiff filed the Complaint on July 16, 2024 (*see* Doc. 1). This protracted delay necessarily weighs in favor of dismissal.

As to the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. By not complying with the Court's OSC, Plaintiff has "consumed some of the court's time that could have been devoted to other cases on the docket." *Id*. Moreover, Plaintiff's failure to timely effect service "has resulted in a continued delay in the prosecution of this case and has 'impermissibly allowed [P]laintiff to control the pace of the docket rather than the court.'" *Johnson v. United States*, No. 22-cv-1188-BAS-AGS, 2023 WL 2414266, at *2 (S.D. Cal. Mar. 7, 2023). The second factor therefore weighs in favor of dismissal.

As to the third factor, Plaintiff's failure to comply with OSC risks prejudice to Defendant because Defendant has not been afforded notice of the instant action pending against him. The Court looks at "the strength of the plaintiff's excuse for the default" in weighing whether prejudice is sufficient to support dismissal. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). Here, Plaintiff has offered none. Thus, the third factor weighs in favor of dismissal.

As to the fourth factor, the Court has considered less drastic alternatives by issuing the OSC and informing Plaintiff that the failure to respond would result in dismissal. *See Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement."). Plaintiff failed to comply or respond to the Court's OSC. Any lesser sanction, such as a monetary sanction, would not cure the delay in this case and Plaintiff's failure to comply with Rule 4(m). *See In Re Eisen*, 31 F.3d 1447, 1455 (9th Cir. 1994) (finding dismissal was the only proper sanction). This weighs in favor of dismissal.

The fifth factor does not favor dismissal, as public policy favors disposition of cases on the merits. *See Pagtalunan*, 291 F.3d at 643. Though the fifth factor weighs against dismissal, the cumulative weight of the other factors overcomes it. *See id*. (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed

in favor of dismissal).  The Court finds the balance of the factors favors dismissal for Plaintiff's failure to prosecute.

### III.  CONCLUSION

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to prosecute and effect timely service pursuant to Federal Rule of Civil Procedure 41(b) and 4(m), respectively.  *See Johnson*, 2023 WL 2414266, at *3 (dismissing case without prejudice due to the plaintiff's failure to prosecute and comply with the Court's order to show cause requiring completion of service of process or submission of request for extension of time for service); *see also O'Brien v. Visa USA, Inc.*, 225 Fed. App'x 677, 678 (9th Cir. 2007) (affirming dismissal for failure to prosecute and failure to timely effect service pursuant to Rule 4(m)).

The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

DATE:  April 7, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE